ISABELLA DOUGHERTY, Respondent, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

87   15
11a p431

*Insurance — a waiver by the assured, in his application, of the protection of section 834 of the Code of Civil Procedure, makes competent the testimony of the attending physician.*

An application for a policy of life insurance contained the following stipulation: "The provisions of section 834 of the Code of Civil Procedure of the State of New York, and of similar provisions in the laws of other States, are hereby waived, and it is expressly consented and stipulated that, in any suit on the policy herein applied for, any physician who has attended or may hereafter attend the insured, may disclose any information acquired by him in any wise affecting the declarations and warranties herein made."

Upon the trial of an action brought by the beneficiary of the policy, to recover the amount thereof, the defendant attempted to prove by a physician who attended the assured the condition of his health when his application for the insurance was made.

The court excluded the evidence, upon the plaintiff's objection; not, however, upon the ground that the evidence would disclose confidential communications or facts which would tend to disgrace the memory of the patient.

*Held,* that the exclusion of the proposed evidence was erroneous;

That such exclusion was not justified by the fact that the waiver of the provisions of section 834 of the Code had been made by the assured himself before the trial, and that they had not "been expressly waived on such trial or examination by the personal representatives of the deceased patient," within the language of section 836 of the Code relative to such waiver;

That it was competent for the assured to waive a statutory provision to whose benefit he was entitled, and that the time of the waiver was immaterial;

That the stipulation was not against public policy, inasmuch as the evidence would have related simply to the physical condition of a private person, a matter in which the public had no interest.

APPEAL by the defendant, The Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 3d day of October, 1894, upon the verdict of a jury rendered after a trial at the Richmond Circuit, and also from an order entered in said clerk's office on the 9th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Frederick B. Campbell,* for the appellant.

*W. J. Powers,* for the respondent.

DYKMAN, J.:

This is an action by the plaintiff as the beneficiary under two policies of insurance issued by the defendant upon the life of one Francis Farley. The cause was tried at the Circuit before a jury, and a verdict was rendered in favor of the plaintiff.

From the judgment entered upon the verdict, and from the order denying the motion for a new trial upon the minutes of the court, the defendant has appealed to the General Term of the court.

Upon the trial the counsel for the defendant sought to prove, by a physician who attended the insured at that time, the condition of the health of the insured when the application for the second policy of insurance was made.

The counsel for the plaintiff made objection to such testimony, and it was excluded by the trial judge upon the ground that its admission would be against public policy.

The counsel for the defendant excepted to the exclusion of the testimony, and that exception presents the first question for determination upon this appeal.

The question depends for its solution upon the interpretation of certain sections of the Code of Civil Procedure.

Section 834 of that Code is this: "A person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." Sections 833 and 835 contain similar prohibitions against ministers of religion and attorneys and counselors at law.

Then follows section 836, which contains this language: "The last three sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. But a physician or surgeon may upon a trial or examination disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section eight hundred and thirty-four have been expressly waived on such trial or examination by the personal representatives of the deceased patient."

The application for the second policy contained this stipulation: "The provisions of section 834 of the Code of Civil Procedure of the State of New York and of similar provisions in the laws of other States, are hereby waived, and it is expressly consented and stipulated that in any suit on the policy herein applied for, any physician who has attended or may hereafter attend the insured, may disclose any information acquired by him in any wise affecting the declarations and warranties herein made."

It does not appear that the testimony sought from the physician would have disclosed confidential communications or any facts which would tend to disgrace the memory of the patient, and the evidence was not excluded upon that ground.

The waiver, therefore, was not inhibited by the exception from the right to waive the privilege contained in section 834 of the Code.

The exclusion of the evidence must, therefore, be upheld, because the waiver was not made at the trial, or because the inclusion thereof in the application was against public policy.

The statute imposed silence upon the physician for the protection of the patient. The Legislature locked up the secret and gave the key to the patient. He can forego the privilege and unlock the mouth of the doctor. The statute requires that, to be done expressly upon the trial, but there is no method prescribed for the accomplishment of the object.

If the patient be alive an entry upon the record at his trial by his counsel would be sufficient. In case of his inability to attend the trial a written stipulation signed by him and entered upon the record would remove the prohibition.

That being so, it must certainly be immaterial when the stipulation is signed. In this case it was signed long before the trial in anticipation of that event, and with the design of having it used thereat. It cannot be assumed that the insertion of the stipulation in the application was an idle ceremony. It was important to the company, and entirely within the competence of the assured. The reasonable construction of the statute, therefore, is that the provisions are expressly waived upon the trial if a proper stipulation to that effect be produced thereat and entered upon the record, regardless of the time when the waiver was executed.

We are now to inquire whether the provision for a waiver is contrary to public policy. The phrase is comprehensive and its limit of operation is undefined. It may be asserted, however, that no action, proceeding or method falls within its range, except such as affects the public. A mere private act does not concern the public, and, therefore, such an act can never be contrary to public policy. Before a statute or a contract can be declared void because it is in contravention of public policy, the objection to it must be based upon some distinct principle. The general public can have no interest in the execution of the statute in question. Its operation can be neither injurious nor disadvantageous to the public, and it is not opposed to good morals. It simply prescribes a rule of evidence between party and party upon the trial of a cause.

The secrecy imposed upon the physician by the statute is evidently for the benefit of the patient. His communications are privileged, but the public has no concern in their suppression. If he waives his privilege it cannot be insisted upon to exclude the testimony.

It has ever been held that parties may waive their legal rights and make stipulations in legal proceedings which shall control their rights in the conduct of a litigation. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447.)

What possible interest can the public have in the exclusion of the evidence of a physician respecting the physical condition of a private individual where the patient himself raises no objection to such disclosure?

The chief justice who expressed the opinion of the Supreme Court of the United States in the case of *Hunt* v. *Blackburn* (128 U. S. 470) laid down the following rule upon the subject under consideration here, although in that case the question had reference to the relation of attorney and client: " But the privilege is that of the client alone, and no rule prohibits the latter from divulging his own secrets, and if the client has voluntarily waived the privilege it cannot be insisted on to close the mouth of the attorney."

This statute has been frequently under consideration before the Court of Appeals in this State, and it has ever received a broad and liberal construction, and been so applied as to permit no invasion of the rights and privileges of the persons for whose benefit it was enacted.

Judge ANDREWS gave a very lucid exposition of the statute in his opinion in the case of *Buffalo Loan Trust & S. D. Co.* v. *K. T. & M. M. A. Association* (126 N. Y. 455), and closed with these words : " The statute should have a broad and liberal construction to carry out its policy. By reasonable construction it excludes a physician from giving testimony in a judicial proceeding in any form, whether by affidavit or oral examination involving a disclosure of confidential information acquired in attending a patient, unless the seal of secrecy is removed by the patient himself."

So far as we can discover, every case in the Court of Appeals is in harmony with the views thus expressed.

We are committed to the same doctrine by our decision in the case of *Foley* v. *The Royal Arcanum* (78 Hun, 222).

These considerations lead to the conclusion that the judgment and order should, be reversed and a new trial granted, with costs to abide the event.

BROWN, P. J., concurred ; CULLEN, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide event.