MARY C. HOLDEN, Appellant, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

*Life insurance — false statements to the company's physician on an application, fatal to the policy — waiver of patient's privilege against physician's testimony, need not be at the trial — public policy.*

An applicant for a life insurance policy made false statements in that part of the preliminary paper, entitled "Statements made to medical examiner," which was distinct from those questions and answers inserted under the title "Application." A subsequent statement styled a "warranty" provided that any false answers to any of "the foregoing questions" would render the policy void — using in such warranty clause the words "in this application" and "the policy herein applied for." The whole paper was indorsed "Application," etc., and the policy recited that the answers and statements contained in the application were a part of the contract and were made warranties.

*Held,* that the recital in the warranty showed that the whole preliminary paper must be taken as the application referred to in the policy, and that every statement in it was warranted.

In the warranty clause it was provided that in any suit upon the policy any physician who might have attended the insured might disclose any information acquired in any wise affecting the declarations and warranties therein made.

On the trial of an action brought to recover under the policy the physician of the assured did testify concerning the falsity of his statements upon the application for the policy.

*Held*, that, although, by amendment, the waiver of privilege against a physician's testimony, under the Code, must be made only upon the trial or examination, the privilege might be waived by stipulation at the trial, although the patient could not then be present, and, if so, the time at which the stipulation was made was immaterial, and any stipulation was good as a waiver;

That as such a waiver was of a personal privilege to the patient, the waiver could not be against public policy.

APPEAL by the plaintiff, Mary C. Holden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 24th day of April, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Saratoga Circuit.

*Edgar T. Brackett*, for the appellant.

*John De Witt Peltz*, for the respondent.

MERWIN, J. :

This action was brought upon a policy of insurance, issued by the defendant on the 29th of May, 1893, upon the life of Charles E. Harris, in the sum of $2,500, payable to his legal representatives. The plaintiff, by assignment from Harris and from his legal representatives, is the owner of whatever is recoverable on the policy.

In the answer it is alleged by way of defense, among other things, that in the application made by Harris, which was a part of the contract of insurance, he warranted that none of his brothers had ever had consumption, whereas, in truth and in fact, one James H. Harris, a brother of Charles, had consumption and died thereof in March, 1885; that in said application Harris also warranted that he had never had bronchitis, whereas, in truth and in fact, he had had it prior to making the application.

Evidence was given at the trial upon these issues, and the defendant also claimed there was a breach of warranty, in that before the issuing of the policy the assured was attended and treated by Dr. Sweetman for dyspepsia.

At the close of the trial the defendant moved that the court direct a verdict in its favor upon the grounds, among others, that upon the uncontradicted evidence it was shown that a brother of the assured had had consumption, and also that the assured had had bronchitis prior to the application, either of which contingencies would be a

breach of warranty and avoid the policy. The court held these grounds to be well taken, saying, in substance, that a verdict to the contrary would not be sustained by the evidence.

Upon the evidence the court was, I think, correct in reaching the conclusion it did.

It is, however, claimed by the plaintiff that the statements, upon which these breaches of warranty were based, were not in the application and so no part of the contract of insurance, and that, therefore, although they were in the statements made to the medical examiner, they were only representations; and although false would not necessarily avoid the contract. (*Owens* v. *Holland Purchase Ins. Co.*, 56 N. Y. 565.)

It does not seem to have been claimed at the trial that the statements in question were not a part of the contract. The motion by defendant for a direction of a verdict was made upon the theory that they were, and the court in deciding it acted on that theory. The plaintiff excepted generally to the ruling and asked to go to the jury on each one of the questions and on the whole case. It was not suggested that if the statements were false it was still a question for the jury.

Is the plaintiff correct in his position that the statements were not a part of the contract of insurance?

Upon the trial the plaintiff offered in evidence the original application, and it is in the record as plaintiff's Exhibit A. This comprises, first, divers questions and answers under the head of "Application to the Metropolitan Life Insurance Company," which at the end is dated May 11, 1893, and purports to be signed by Charles R. Harris. Then come divers questions and answers under the head of "Statements made to the medical examiner." Then comes a statement called a warranty, dated May 11, 1893, and purporting to be signed by Harris, the material portions of which are as follows: "It is hereby declared, agreed and warranted by the undersigned, that the answers and statements contained in the foregoing application, and those made to the medical examiner, as recorded in parts A and B of this sheet, together with this declaration, shall be the basis and become part of the contract of insurance with the Metropolitan Life Insurance Company; that they are full and true and are correctly recorded, and that no information or statement

not contained in this application, received or acquired at any time by any person, shall be binding upon the company, or shall modify or alter the declarations and warranties made in this application; * * * that any false, incorrect or untrue answer, any suppression or concealment of facts in any of the answers to the foregoing questions, any violation of the covenants, conditions or restrictions of the policy, any neglect to pay the premium on or before the date it becomes due, shall render the policy null and void, and forfeit all payments made thereon; that the policy hereby applied for shall not be in force until the actual payment to and acceptance of the premium by the company during the lifetime and good health of the person on whose life insurance is applied for. * * *

"The provisions of section 834 of the Code of Civil Procedure of the State of New York, and of similar provisions in the laws of other States, are hereby waived, and it is expressly consented and stipulated that, in any suit on the policy herein applied for, any physician who has attended, or may hereafter attend, the insured, may disclose any information acquired by him in any wise affecting the declarations and warranties herein made."

These statements, together with a statement headed "Medical Examination and Report," were apparently on one sheet of paper, which was indorsed "Application to the Metropolitan Life Insurance Company," followed by the number, kind of policy, on whose life, date, amount, age, premium, approval of home office, and receipt for advance payment, as "Received on this application."

The policy is stated to be "in consideration of the answers and statements contained in the printed and written application for this policy upon the life of Charles R. Harris, of Malta, County of Saratoga, State of New York, hereinafter called the insured, all of which answers and statements are hereby made warranties, and are hereby made part of this contract," and in one of its conditions it is stated that "the contract between the parties hereto is completely set forth in this policy and the application therefor taken together."

The argument on the part of the plaintiff is, that the term application, as used in the policy, includes only the first statement in the application put in evidence, and does not include the statements made to the medical examiner or the statement called the warranty,

and that, although as indicated in the warranty, the assured understood and agreed that the statements made to the medical examiner were a part of the contract, falsity in regard to which made the policy void, still the policy excluded them. No such result was, I think, in contemplation of the parties. The warranty uses the expressions, " in this application," " the policy hereby applied for," " the policy herein applied for." Evidently the warranty was understood to be the application, or a part of it, upon which the company was called upon to act and the statements to the medical examiner were made a part of the contract there presented. The whole was indorsed and approved by the company as the application to it. Such application, consisting of several parts, must, I think, be deemed to be the application referred to in the policy, and, therefore, a part of the contract of insurance.

The plaintiff further claims that error was committed in receiving the evidence of Dr. Sweetman, who was the attending physician of the assured in January, 1893, and who testified that the assured then had bronchitis. The plaintiff objected to the evidence on the ground that under section 834 of the Code of Civil Procedure the evidence was not permissible and that the defendant could not obtain the benefit of the provisions of section 836, as the privilege was not waived on the trial by the personal representatives of the deceased assured. The defendant claimed, and the court held, that the waiver of the assured in the application above set out, bound the plaintiff and authorized the giving of the testimony.

Under section 836, as it stood prior to September, 1891, the provisions of section 834, as well as of sections 833 and 835, applied to " every examination of a person as a witness, unless the provisions thereof are expressly waived by the person confessing, the patient or the client." By an amendment in 1891 section 836 was made to read that the prior sections were in a similar way applicable " unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client."

Under the Code as it stood prior to September, 1891, there is no doubt the waiver in question would be available. The question is whether, as applicable to this case, a different rule must be held under the amendment of 1891. Is it necessary that the party making the waiver must be present at the trial ?

The precise question here involved was considered in *Dougherty v. Metropolitan Life Ins. Co.* (87 Hun, 15) by the General Term in the second department, and it was held that the waiver was available to the defendant, notwithstanding the amendment of 1891. It is there said: "If the patient be alive an entry upon the record at his trial by his counsel would be sufficient. In case of his inability to attend the trial a written stipulation, signed by him and entered upon the record would remove the prohibition. That being so, it must certainly be immaterial when the stipulation is signed. In this case it was signed long before the trial in anticipation of that event and with the design of having it used thereat. It cannot be assumed that the insertion of the stipulation in the application was an idle ceremony. It was important to the company and entirely within the competence of the assured. The reasonable construction of the statute, therefore, is that the provisions are expressly waived upon the trial if a proper stipulation to that effect be produced thereat and entered upon the record, regardless of the time when the waiver was executed."

The privilege is that of the patient (*Johnson* v. *Johnson*, 14 Wend. 641 ; *Hunt* v. *Blackburn*, 128 U. S. 470), and it is not claimed that a waiver is against public policy. "A statutory or constitutional provision for the benefit of a party may be waived by him, and having once waived it he is estopped from thereafter claiming the benefit." (*Matter of the Application of Cooper, etc.*, 93 N. Y. 507.)

The waiver is one of the provisions of the contract, inserted for the benefit of the defendant, and in reliance upon which the defendant presumptively entered into the contract. The plaintiff, seeking the benefits of the contract, must accept the burdens. She cannot repudiate any of its provisions which entered into the consideration of the company's promise. It should, I think, be held that the plaintiff is estopped from claiming any benefit from the provisions of section 834. If so, no error in this regard was committed by the trial court.

No other questions need be considered. At the trial a question was made as to the admissibility of record proof of the death and cause of death of James H. Harris, but no point is made here on the subject.

No ground is, I think, apparent for the reversal of the judgment, and it should be affirmed.

All concurred, except LANDON, J., not sitting.

Judgment affirmed, with costs.