was made in relation to the matter by which the effect of the receipt was to be qualified was not made with their knowledge or consent, or by any one acting in their behalf. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(89 App. Div. 508.)

SCHLOTTERER v. BROOKLYN & N. Y. FERRY CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. WITNESSES — PHYSICIANS AND SURGEONS — DISQUALIFICATION — WAIVER — STATUTES.

   Code Civ. Proc. § 836, renders a physician incompetent to testify against his patient unless the disqualification is waived; Laws 1891, p. 736, c. 381, requires that the waiver of the privilege must be an express waiver, and made on the trial or examination; and Laws 1899, p. 69, c. 53, provides that such waiver must be in open court on the trial of the action or proceeding.   Held, that such section, as amended, did not require that the waiver should be on the particular trial under review, but that where the plaintiff waived her physician's disqualification on a former trial between the same parties in which she took a nonsuit, such waiver was binding on her in a subsequent suit for the same cause.

   Goodrich, P. J., and Hirschberg, J., dissenting.

Appeal from Special Term, Kings County.

Action by Louisa Schlotterer, an infant, by Margaret Schlotterer, her guardian ad litem, against the Brooklyn & New York Ferry Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals.   Reversed.

See 78 N. Y. Supp. 202.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Augustus Van Wyck (John Delahunty, on the brief), for appellant. Alfred E. Sander, for respondent.

JENKS, J.   It was stipulated upon the present record:

"That, upon the trial of the action known in this proceeding as 'Action No. 2,' Robert M. Daley was called as a witness on behalf of the defendant, and that no objection was made to him or to his examination by counsel for the plaintiff at that time, based upon section 834 of the Code, and that the doctor was cross-examined by counsel for the plaintiff."

"Action No. 2" was brought on behalf of the same plaintiff against the same defendant to recover damages for injuries due to the same accident.   In this action the defendant called Dr. Daley, who had treated the plaintiff for five or six weeks, and asked him to state what he observed.   The plaintiff objected to the testimony, under sections 834 and 836 of the Code of Civil Procedure.   The learned trial court sustained the objection, under the defendant's exception.   I think that McKinney v. Grand Street, etc., R. Co., 104 N. Y. 352, 10 N. E. 544, is authority against the ruling, unless the amendments to section 836 of the Code of Civil Procedure made subsequent to that judgment make it inapplicable.   Since 1885, when judgment was en-

tered in McKinney's Case, two pertinent amendments have been made. Chapter 381, p. 736, of the Laws of 1891, provided that the express waiver of privilege must be "upon the trial or examination." Chapter 53, p. 69, of the Laws of 1899, provides that such waiver must be "in open court on the trial of the action or proceeding." The able and learned counsel for the respondent insists that the statute now requires that the waiver must be made upon the particular trial under review, to the effect that, even though upon a former trial the patient had expressly waived the privilege, he could, mauger such waiver, assert his privilege upon any subsequent trial. The letter of the statute does not require a construction which is opposed to the reason of the rule as laid down in McKinney's Case, supra. The purpose of the statute is to cover the relation of physician and patient with the cloak of confidence. But the purpose is to save the patient from possible humiliation or distress, not to enable him to win a lawsuit. Now, if the patient once permit the physician to testify, there is no longer any reason at any time for excluding competent testimony under the plea of public policy. If the patient once voluntarily renounce the protection of the statute, his waiver is everlasting and irrevocable. I think, then, that the purpose of the amendment was not to limit the continuous force of a waiver, and thus, to adopt the figure of Ruger, C. J., in McKinney's Case, to permit the patient to use the statute once as a shield and anon as a sword, but by way of further assurance that the waiver had been formally, clearly, and certainly made.

It is a matter of common knowledge that the Legislature often amends a statute after judicial comment made in some specific case indicates shortcomings or omissions. In Matter of Coleman, 111 N. Y. 220, 19 N. E. 71, the court, per Ruger, C. J., commenting upon section 836, and after noting the expression "are strictly waived," says, "There is nothing in this section requiring the waiver to be made in writing, or in any particular form or manner, or at any particular time or place." The learned judge then had under consideration conversations at private interviews. May we not apply the doctrine of post hoc propter hoc to the subsequent amendments of 1891 and 1899, of which the first requires that the waiver must be upon the trial or examination, and the second provides that the waiver must be in open court on the trial of the action or proceeding? We do not lack high judicial authority as to the purpose of the first amendment. For in Holden v. Metropolitan Life Ins. Co., 165 N. Y. 13, 17, 58 N. E. 771, 772, Martin, J., in discussion of that amendment, says:

"Under the statute as amended, no one but the personal representatives of the deceased patient can waive the provisions of section 834, and it can be waived by them only upon the trial or examination where the evidence is offered or received. The apparent purpose of that amendment was to protect parties, their representatives and successors, from waivers which should be inadvertently or improperly obtained previously to the trial of an action or examination of the witness. That in many cases injustice had resulted from such waivers having been previously obtained by a species of fraud or duress was doubtless the reason which induced the Legislature to adopt this amendment, requiring the waiver to be made in the presence and under the supervision of the court before which the trial or examination was had. Whatever the purpose may have been, the plain effect of this statute was to limit as

to time and place when and where such waiver should be made to be effective in exempting the testimony of such a witness from the inhibition of section 834."

Now, the amendment of 1899 is upon the same lines, in that it provides that the waiver "must be made in open court on the trial of the action or proceeding." In my opinion, the language of the statute does not authorize a construction which affords the privilege notwithstanding the reason for its continuance has ceased to exist. It simply means that, when the waiver is made, it must be made in open court on a trial of the action. It thus affords a safeguard that the waiver was duly made, but not a shift of the waiver, once made. In the cases cited by the learned counsel for the respondent (Briesenmeister v. Knights of Pythias, 81 Mich. 525, 45 N. W. 977, and Burgess v. Sims Drug Co. [Iowa] 86 N. W. 307, 309, 54 L. R. A. 364), the courts specifically refuse to follow our Court of Appeals in the McKinney Case, supra.

I am further of opinion that the present trial was a trial of the action, within the purview of the statute. It appears that, after retrying her case after a nonsuit, the plaintiff began anew. But she proceeded upon the same cause of action against the same defendant. To hold that a retrial was a trial of the action, within the statute, and a trial of exactly the same cause of action was not a trial of the action, with the effect that the statute foreclosed the defendant in the first instance, but not in the second, would lead to an easy avoidance of the statute, contrary to the reasons behind it. For in every instance a party, instead of taking a retrial after nonsuit, needs but to proceed de novo on the same cause of action.

In view of the new trial which must be consequent to this error, it does not now seem necessary to discuss the other questions presented upon this appeal.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., and HOOKER, J., who dissent.