## PEOPLE v. BLOOM.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

WITNESSES—PRIVILEGED COMMUNICATIONS—PHYSICIAN AND PATIENT—WAIVER OF PRIVILEGE.

 Under Code Civ. Proc. § 836, as amended by Laws 1899, p. 69, c. 53, and by Laws 1904, p. 874, c. 331, providing that section 834, declaring that a physician shall not be allowed to disclose any information acquired in attending a patient, shall apply to any examination of a person as a witness, unless the provision thereof is "expressly waived upon the trial" by the patient, a patient, who has once waived the privilege by permitting a physician to testify on a trial as to confidential communications made by the patient to the physician, cannot subsequently prevent the physician from testifying by an objection based solely on the privilege awarded by section 834.

 Scott and McLaughlin, JJ., dissenting.

Appeal from Court of General Sessions.

Isaac Bloom was convicted of perjury, and appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

D. Cady Herrick, for appellant.

Robert C. Taylor, for respondent.

INGRAHAM, J. The defendant was convicted of perjury committed upon the trial of a civil action for damages brought by him against the Metropolitan Street Railway Company. There is not, and has not been, the slightest doubt expressed by any one as to his guilt, and I think his conviction could be sustained upon his own testimony. It therefore seems to me contrary to the express provisions of the Code of Criminal Procedure, and to the course of judicial authority in this state, to reverse the judgment because of an error in the admission of testimony. The only error that is seriously claimed by the learned counsel for the appellant is the admission of the testimony of certain physicians, who had treated the defendant, as to his condition at or before the time at which he alleged he sustained injuries in consequence of the negligence of the railroad company, and it is this error that has constrained Mr. Justice SCOTT to advise the reversal of the judgment. I think, however, that the admission of that testimony was not error.

Before the amendment of section 836 of the Code of Civil Procedure by chapter 53, p. 69, of the Laws of 1899, it was settled by the case of McKinney v. Grand Street, etc., R. R. Co., 104 N. Y. 352, 10 N. E. 544, that:

"The intent of the statute, in making such information privileged, is to inspire confidence between patient and physician, to enable the latter to prescribe for and advise the former most advantageously, and remove from the patient's mind any fear that she may be exposed to civil or criminal prosecution, or shame and disgrace, by reason of any disclosures thus made. Therefore the statute provides that the information acquired by a physician while attending a patient in his professional capacity shall not be disclosed unless the patient expressly waives its prohibition."

Once, however, that this "ban of secrecy" has been removed by the patient, and the information made public, the right to object further thereto has not been conferred. "The patient cannot use this privilege both as a sword and a shield, to waive when it inures to her advantage, and wield when it does not. After its publication no further injury can be inflicted upon the rights and interests which the statute was intended to protect, and there is no further reason for its enforcement. The nature of the information is of such a character that when it is once divulged in legal proceedings it cannot be again hidden or concealed. It is then open to the consideration of the entire public, and the privilege of forbidding its repetition is not conferred by the statute. The consent, having been once given and acted upon, cannot be recalled, and the patient can never be restored to the condition which the statute, from motives of public policy, has sought to protect. * * * The object of the statute having been voluntarily defeated by the party for whose benefit it was enacted, there can be no reason for its continued enforcement in such case." The amendments to the Code of Civil Procedure subsequent to the decision of this case have no bearing upon this construction of the statute. The Code as it then stood required an express waiver by the patient before the testimony could be given, and the subsequent amendment to section 836 of the Code of Civil Procedure only applies as to how the waivers provided for in the section shall be made. By the Code as finally amended in force at the time of the trial of this action, it is provided that the waivers provided for must be made in open court on the trial of the action or proceeding; but, when the privilege given by the statute has been actually waived in open court by the patient, the reasoning in the McKinney Case, supra, then applies, and, as Chief Judge Ruger there said, "the object of the statute having been voluntarily defeated by the party for whose benefit it was enacted, there can be no reason for its continued enforcement in such case," and that, the privilege when once waived and made effectual by publication, "it is waived for all time."

And in the last case upon this subject, that of Clifford v. Denver & Rio Grande R. Co., 188 N. Y. 349, 80 N. E. 1094, Judge Vann, in delivering the opinion of the court, cited what Chief Judge Ruger said in the McKinney Case, supra, as illustrating the subject and as applying to the statute in its present condition, and no suggestion was made that this rule had been changed by the amendments to either of these sections. There was also cited the case of Morris v. N. Y., O. & W. R. Co., 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675, where Judge O'Brien, writing the unanimous opinion of the court, said that:

"It was the privilege of the plaintiff to insist that both physicians should remain silent as to all information they obtained at the consultation, but she

waived this privilege when she called Dr. Payne as a witness and required him to disclose it. The plaintiff could not sever her privilege, and waive it in part and retain it in part. If she waived it at all, it then ceased to exist, not partially, but entirely. * * * The seal of confidence was removed entirely, not merely broken into two parts, and one part removed, and the other retained."

Judge Vann, after an examination of the authorities, continued:

"The amendment of 1899 must be read in the light of the object of the statute which was to prevent the disclosure of a patient's secrets against his will, not to interpose an obstacle to the administration of justice by suppressing facts already made public by the patient himself in a legal proceeding. The Legislature did not intend to allow a party to cause a record to be made and filed in a public office in which the testimony of his physician, taken at his instance, is set forth at large, stating confidential facts material in a controversy with another party, and then to prevent that evidence from being read before the jury by advancing as his only objection that it would divulge private matters. The language of the section limiting waivers to such as are made in open court on the trial of an action or by the stipulation of the attorneys for the respective parties should be so construed as to promote, not to defeat, the purpose of the statute."

In Schlotterer v. Brooklyn & N. Y. Ferry Co., 89 App. Div. 508, 85 N. Y. Supp. 847, the McKinney Case, supra, was followed, and it was held that, where the patient had waived the privilege conferred by section 834 of the Code of Civil Procedure in the trial of one action, in a subsequent action between the same parties the testimony was competent, notwithstanding the objection of the patient. This case was decided after the amendments to section 835 of the Code of Civil Procedure, and it was held that they did not change the rule as laid down in the McKinney Case, supra, and this case was also cited, apparently with approval, in the Clifford Case, supra.

Reading these authorities in connection with the amendments to section 836 of the Code of Civil Procedure made by chapter 53, p. 69, of the Laws of 1899, and by chapter 331, p. 874, of the Laws of 1904, it seems to me that the Court of Appeals, in the Clifford Case, have expressly applied the rule laid down in the McKinney Case, supra, and reaffirmed in the Morris Case, supra, to the Code as it was after these amendments; and reaffirmed the proposition that a patient could not, after the amendments, as he could not before the amendments, having once waived the privilege and permitted the physician to testify as to the confidential communications made by the patient to the physician, subsequently prevent the physician from testifying by an objection based solely upon the privileges awarded to a patient by section 834 of the Code of Civil Procedure. As it appeared in this case that the defendant had waived the objection to these physicians testifying as to his condition at the time he was treated by them, he thereby waived forever the privilege of objecting to the testimony upon the ground that it was privileged, and it was therefore not error for the court to admit it.

I am therefore in favor of the affirmance of this judgment.

PATTERSON, P. J., concurs in result.

CLARKE, J. I concur with so much of Mr. Justice INGRAHAM'S opinion as advises the affirmance of this judgment. Also, that the tes-

timony of the physicians who had been examined in the trial of the civil action was admissible, and for the reasons stated by him. I do not agree that, if said testimony was erroneously admitted, nevertheless said error should be disregarded, and the judgment affirmed under the provisions of section 542 of the Code of Criminal Procedure. The testimony of the four physicians touched the very gist of the case. The defendant was indicted for perjury in having falsely sworn that he had received certain specified injuries because of having been thrown from a car by the negligence of the servants of the street car company, and that he had been prior to the accident in perfect health, and that both of his arms and legs prior to said day were in perfect physical condition. These physicians were called to prove the falsity of these statements, and gave testimony as to defendant's physical condition which tended to, if it did not conclusively, establish the falsity of defendant's testimony upon that material point. That question of fact was for the jury. This court has no right to say that, with that testimony excluded, the verdict returned would have been found. "The learned Appellate Division held it to be error to admit this evidence, but that it was not ground for reversal because, 'with this evidence out, no other conclusion on the part of the jury was possible' than the guilt of the defendant. But whether it was possible or not, with this evidence out, was for the jury to decide, and this they have not yet done, and it is the defendant's right that they should do it. * * * The evidence was material and of a tendency prejudicial to the substantial rights of the defendant. Code Cr. Proc. § 542."

Therefore I am of the opinion that, if it was error to admit this evidence, the judgment should be reversed. But as I think the testimony competent under the reasoning of the Court of Appeals in Clifford v. Denver & Rio Grande R. Co., 188 N. Y. 349, 80 N. E. 1094, although the precise point here involved was not before the court in that case, I vote to affirm the judgment.

SCOTT, J. (dissenting). The defendant appeals from a judgment convicting him of perjury, committed upon the trial of a civil action for damages brought by him against the Metropolitan Street Railway Company. The principal question raised upon the appeal is as to the competency of certain physicians to testify against the defendant. The charge against the defendant included the allegation that upon the trial of the civil action he had testified that, prior to the accident upon which his action was based, he had been in good physical health and condition, and that as a result of the accident his health and physical condition had been seriously impaired; whereas, in truth and fact, as the indictment charged, he had not prior to the accident been in good physical condition, having been diseased and partially paralyzed.

Upon the trial of the civil action, several physicians were called by the railway company, who testified, without objection from the present defendant, plaintiff in that action, as to their treatment of him prior to the alleged accident, and as to what they then discovered concerning his health and physical condition. Upon the trial of the prosecution upon the indictment, these same physicians were called by the people

to repeat the testimony given by them upon the trial of the civil action. Their testimony was received, under objection and exception, and its reception is now assigned as error. The argument advanced by the learned district attorney in support of the conviction rests upon the proposition that the right to object to the testimony of a physician is personal to the patient, and may be waived by him, and, if once waived, is gone forever. This was undoubtedly the rule prior to the amendment of section 836, Code Civ. Proc., by chapter 53, p. 69, Laws 1899. McKinney v. Grant Street P. P. & F. Ry. Co., 104 N. Y. 352, 10 N. E. 544. Section 836, as it now reads, however, provides that:

"The last three sections [relating to the testimony of a clergyman, physician or lawyer] apply to any examination of a person as a witness, unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. * * * The waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver."

There can be no doubt that this case falls within the strict letter of the statute. The trial of which the statute speaks clearly means the trial at which the evidence is offered, or at least the trial of an action between the same parties for the same cause of action.

In Schlotterer v. Brooklyn & N. Y. Ferry Co., 89 App. Div. 508, 85 N. Y. Supp. 847, the defendant was allowed to avail itself, upon one trial, of a waiver of privilege on the part of the plaintiff upon a former trial. It is true that they were different actions, but they were between the same parties upon the same cause of action. The plaintiff was nonsuited in the first action, and, instead of seeking a retrial of that action, began a second one for the same cause. The court dwelt upon these circumstances and was influenced thereby in arriving at the conclusion that the evidence had been properly received, holding that, in effect, the second trial amounted to a retrial of the same action.

In Clifford v. Denver & Rio Grande R. R. Co., 188 N. Y. 349, 80 N. E. 1094, the plaintiff had taken out a commission for the examination of a physician, and he had been examined upon interrogatories and cross-interrogatories. After the commission had been returned, the plaintiff refused to read from it at the trial, whereupon the defendant sought to do so against the plaintiff's objection. The trial justice sustained the objection, but the Court of Appeals, after a careful and exhaustive review of the course of legislation upon the subject, and an examination of many authorities, held that the evidence should have been received. It was held that the examination of a witness under a commission for the purpose of obtaining his testimony for use on the trial may be considered, so far as concerns the applicability of section 836 of the Code, as part of the trial in substance and effect.

Neither of these cases go to the extent which we should be obliged to go in order to sustain the present conviction. Neither actually nor constructively could the defendant's trial, upon an indictment for perjury, be considered as a part of the trial of the action between himself and the railway company, or even as a retrial of the civil action. The criminal action is a new action between different parties and upon different issues. We are of opinion therefore that the evidence of the

physicians was improperly received. The defendant criticises the form of the indictment because it does not, in terms, allege that the defendant swore "falsely" upon the trial. Although that word is not specifically used, the indictment does in positive and unmistakable language allege that the testimony given by him was false, and this, under the present system of pleading in criminal causes, is sufficient. People v. Clements, 107 N. Y. 205, 13 N. E. 782.

The judgment of conviction should be reversed, and a new trial granted.

McLAUGHLIN, J., concurs.