(74 Misc. Rep. 567.)

HAMMERSTEIN v. HAMMERSTEIN.

(Supreme Court, Special Term, New York County. December, 1911.)

1. EVIDENCE (§ 333*)—DOCUMENTARY EVIDENCE—BIRTH CERTIFICATE.

In an action for divorce, where the issue is adultery, it was error to admit in evidence generally a birth certificate from the records of the board of health setting forth that defendant and co-respondent were the parents of the child.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1247–1257, 1259–1265; Dec. Dig. § 333.*]

2. WITNESSES (§ 211*)—COMPETENCY—PRIVILEGED COMMUNICATIONS—PHYSICIANS.

A physician's testimony and that of the manager of a sanatorium that defendant was their patient, that they attended her as such, how long the attendance continued, that she went to the sanatorium without a child and took one away with her, and that the co-respondent with de-

---

fendant's knowledge made some of the arrangements, and paid all the bills, was not privileged.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768, 773; Dec. Dig. § 211.*]

3. WITNESSES (§ 211*)—COMPETENCY—PRIVILEGED COMMUNICATIONS—PHYSICIANS.

An attending physician is not competent to testify as to what the patient was treated for, or the nature of the ailment.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768, 773; Dec. Dig. § 211.*]

4. DIVORCE (§ 143*)—PROCEEDINGS—REFERENCE.

Though the testimony for plaintiff in an action for divorce is uncontradicted, it would not be proper to disregard incompetent testimony admitted by the referee and render judgment either way without giving the parties an opportunity to offer further proof; and hence the case will be remitted to the referee with instructions for a rehearing and new report.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 478–483; Dec. Dig. § 143.*]

Action by Abraham Hammerstein against Ethel B. Hammerstein. Motion to confirm report of referee. Case remitted to referee, with instructions to rehear parties, and make new report.

Warren A. Schenck, for plaintiff.
Pace & Stimpson, for defendant.

GUY, J. This is a motion to confirm the report of a referee in a contested action for absolute divorce. The referee reported in favor of plaintiff. There was satisfactory proof of service. The pleadings admit there was no issue of the marriage. Plaintiff offered in evidence from the records of the board of health, under objection and exception, a certificate of the birth of the defendant's child, which set forth that defendant and the alleged co-respondent were its parents. Plaintiff also proved by the defendant's attending physician during her confinement, and by the testimony of the manager of the sanatorium where she was ill, the fact of her confinement, the birth of a child, and the payment of the attending physician's fees, also sanatorium charges, by the alleged co-respondent. Proper objections were taken to all debatable testimony. The attending physician, under protest throughout, testified that he obtained the information set forth in the birth certificate as to the child's paternity from the defendant. There was also an identification of the defendant by the doctor as his patient. Defendant, though present at the hearing and contesting the case, offered no evidence.

[1] It was error to admit the birth certificate generally. Whether it was admissible as hearsay evidence of pedigree is not now involved. See Maher v. Empire Life Ins. Co., 110 App. Div. 724, 727, 96 N. Y. Supp. 496. See, also, Lee v. Sterling Silk Mfg. Co:, 134 App. Div. 124, 126, 118 N. Y. Supp. 852, where a defective certificate of birth was held to be inadmissible as evidence of a child's age where the vital issue was whether it was under 14; Beglin v. Met. Life Ins. Co., 173 N. Y. 374, 376, 66 N. E. 102, where a death certificate was

held to be inadmissible as evidence of the cause of death; Davis v. Supreme Lodge, 165 N. Y. 159, 163, 170, 58 N. E. 891, where a death certificate was held to be inadmissible as proof of the cause of death; Buffalo L. T. & S. D. Co. v. K. T. & M. M. Ass'n, 126 N. Y. 450, 454–456, 27 N. E. 942, 22 Am. St. Rep. 839. The issue here is adultery. The birth was a mere incident, though a material one.

[2] The physician's testimony and that of the manager of the sanatorium that the defendant was their patient, that they attended her as such, as to how long such attendance continued, and the manager's testimony that she went to the sanatorium without a child and took one away with her, and that the alleged co-respondent with her knowledge made some of the arrangements and paid all the bills, were not privileged. Patten v. United L. & Accid. Ass'n, 133 N. Y. 450, 452–455, 31 N. E. 342; Jennings v. Supreme Council, 81 App. Div. 77, 83–85, 81 N. Y. Supp. 90; Becker v. Metropolitan Life Ins. Co., 99 App. Div. 5, 8, 9, 90 N. Y. Supp. 1007; People v. Koerner, 154 N. Y. 355, 362–366, 48 N. E. 730; Griffiths v. Metropolitan St. R. Co., 171 N. Y. 106, 109–111, 63 N. E. 808; Green v. Metropolitan St. R. Co., 171 N. Y. 201, 63 N. E. 958, 89 Am. St. Rep. 807; People v. Austin, 199 N. Y. 447, 452, 93 N. E. 57.

[3] But the weight of authority compels me to hold that the birth certificate was inadmissible, and also the testimony as to what defendant was treated for and the nature of her ailment.

[4] Although none of the plaintiff's testimony is contradicted, it would not be the proper course to disregard the incompetent evidence and render judgment either way, without giving the parties an opportunity to be heard or to offer further or other proof, if so advised. Robinson v. New York El. R. R. Co., 175 N. Y. 219, 221–225, 67 N. E. 431; Kelley Lumber Co. v. Otselic Valley R. R. Co., 136 App. Div. 146, 148, 120 N. Y. Supp. 415; Gottlieb v. Dole, 109 App. Div. 583, 585, 96 N. Y. Supp. 329. The case will be remitted to the referee, with instructions to rehear the parties and to make such new report as may be according to law and equity.

Ordered accordingly.