JUDITH KRIGER et al., Respondents, *v.* HOLLAND FURNACE COMPANY et al., Appellants.

Second Department, December 5, 1960.

*Thomas Grimes, Stanley D. Hicks* and *James Dempsey* for Bernard Aisenberg and another, appellants.

*John Nielsen* and *John P. Smith* for Holland Furnace Company and another, appellants.

*Benjamin Heller, Julius Vogel* and *Leonard H. Bernstein* for respondents.

NOLAN, P. J. This is an action by plaintiff Judith Kriger to recover damages for personal injuries alleged to have been sustained in an automobile accident, and by her husband, plaintiff Jacob Kriger, to recover for the loss of his wife's services and for the medical expenses.

The action was commenced in 1955. Judith Kriger sought damages for her injuries in the amount of $75,000, and Jacob Kriger sought to recover $15,000. In 1957, a statement of readiness was filed and the action was noticed for trial.

Subsequently, and in July, 1959, plaintiffs moved to amend their complaint so as to increase Judith Kriger's demand for damages to $350,000 and Jacob Kriger's demand to $150,000 because of brain injuries which were alleged to have resulted from the accident and for which Judith was then receiving treatment at a hospital in Massachusetts. The motion was granted over the opposition of the defendants.

Plaintiffs have been unwilling, however, to permit inspection by defendants of the records of the Massachusetts hospital, or to permit pretrial examinations of the doctors who treated Judith at that institution and have so far successfully resisted all efforts by defendants to obtain such inspection and examinations, insisting that they have the right to try their action without disclosing the information which defendants seek and that they (plaintiffs) are privileged so to proceed by virtue of the provisions of section 352 of the Civil Practice Act.

The appeal is by defendants from an order which denies their motion for an amended bill of particulars; a further physical

examination of Judith Kriger; a direction that plaintiffs' attorney furnish copies of hospital records relative to Judith's treatment in the hospital in Massachusetts; an examination before trial of the doctors who treated her in the hospital; and a stay of trial of the action pending the completion of such examinations and investigations.

We are agreed that the order was properly made, except insofar as it denied a stay of trial. No valid reason appears why there should be any further bill of particulars or physical examination, nor may plaintiffs be compelled to disclose the entries in the records of the Massachusetts hospital, or the information with respect to Judith's physical or mental condition obtained by the doctors who treated her there.

Sections 352 and 354 of the Civil Practice Act, insofar as they are pertinent, provide that a physician, upon any examination as a witness in a judicial action or proceeding, shall not be permitted to disclose any information which he acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity, unless the statutory prohibition is waived by the patient, in open court, on the trial of the action or proceeding, or prior thereto by stipulation of the attorneys for the respective parties. Therefore, unless the attorneys for the parties have engaged in pretrial activities which may be construed as a waiver by stipulation (cf. *Clifford v. Denver & Rio Grande R. R. Co.,* 188 N. Y. 349) — and it is not claimed here that they have — the statutes invest Judith with an absolute privilege, despite the fact that her mental and physical condition has been disclosed in the proceedings which antedated the order appealed from, to insist that the information which she gave to her doctors shall not be disclosed either through their testimony (*Rubin* v. *Equitable Life Assur. Soc. of U. S.,* 269 App. Div. 677) or by the production of the hospital records (*Matter of Coddington,* 307 N. Y. 181, 195), until the time comes, as it eventually must, when the nature and extent of her injuries are revealed on trial.

But the statutes, although they protect Judith in the assertion of her privilege, do not give her the right to force the defendants to trial or to require the court to proceed with the trial of her action as long as she is unwilling to permit pretrial inquiry with respect to the injuries for which she seeks to recover damages. One of the powers which have always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been their right to control the order of their business and to so conduct the same that the rights of all suitors before them may be safe-

guarded (*Riglander* v. *Star Co.*, 98 App. Div. 101, 104, affd. 181 N. Y. 531; *Plachte* v. *Bancroft Inc.*, 3 A D 2d 437 and cases-cited, p. 438).

Pursuant to that power and pursuant to statutory authority (Judiciary Law, § 85), it is provided by special rule of this court applicable to the Supreme Court in all the counties in the Second Judicial Department, that no action to recover damages for personal injuries involving hospitalization shall be placed on any trial calendar until there has been delivered to defendant's attorney a written instrument directed to the hospital, authorizing it " to furnish to defendant's attorney a copy, in duplicate, of the plaintiff's  *  *  *  entire hospital record " (see Rules App. Div. [2d Dept.], Special Readiness Rule, subd. [3], par. [d], eff. Jan. 15, 1957, as amd.). This rule is designed to aid in the disposition of the tremendous number of personal injury negligence actions which have clogged the trial calendars of the court to such an extent as to impede seriously the administration of justice. In adopting it, this court was not unmindful of the provisions of sections 352 and 354 of the Civil Practice Act. We see no conflict between the rule and the statutes.

It may be noted that, although the commencement of an action in which the Statement of Readiness Rule (subd. [3], par. [d]) applies (to wit: an action to recover damages for personal injuries) does not constitute the waiver contemplated by the statutes, the plaintiff in his pleadings in such an action must necessarily divulge the nature and extent of his injuries, thus preventing them from being any longer a secret between himself and his physician; and that once such disclosure is made there can be little, if any, impairment of the rights and interests which the statutes are intended to protect (cf. *McKinney* v. *Grand St., Prospect Park & Flatbush R. R. Co.*, 104 N. Y. 352).

Nevertheless, the Statement of Readiness Rule leaves the statutory privilege against further disclosure intact. It neither compels the patient who has already revealed the nature of his injuries to waive his right of privacy to any greater extent, nor does it compel or authorize the disclosure of additional confidential information, without a waiver in the manner provided by law. Judith Kriger, despite the provisions of the rule and despite the fact that her mental condition is no longer a secret, had and still has for aught that appears in the record to the contrary, the absolute right to refuse to permit her doctors to testify. However, as long as she insists on asserting that right she may not also insist that her case must be advanced for trial, when it is quite evident that such a course of action will give no protection to the right which she seeks to protect and will

necessarily do injustice to other litigants. The nature of this action is such that she cannot possibly proceed to trial, without waiving her statutory privilege (cf. *Clifford* v. *Denver & Rio Grande R. R. Co.,* 188 N. Y. 349, *supra; Hethier* v. *Johns,* 233 N. Y. 370; *Steinberg* v. *New York Life Ins. Co.,* 263 N. Y. 45; *Apter* v. *Home Life Ins. Co. of N. Y.,* 266 N. Y. 333).

Nevertheless, she insists that she has the right so to proceed without such a waiver, although she concedes that once disclosure of the condition for which she seeks recovery is made during the trial, defendants will have the right to apply for its suspension for a reasonable time to permit them to examine the records of the hospital and the doctors who treated her therein (cf. *Rubin* v. *Equitable Life Assur. Soc. of U. S.,* 269 App. Div. 677, *supra*). In the instant case, it is probable that a suspension of the trial will be impractical, and that the declaration of a mistrial will be necessary.

Our trial calendars are far too crowded to justify or permit the neglect of other litigation, so that plaintiffs may engage in the empty ceremony of proceeding to a mistrial to protect temporarily a privilege which will necessarily be waived as soon as the trial is commenced. The privilege afforded by section 352 of the Civil Practice Act does not require such a result. The object of that statute is to prevent the disclosure of a patient's secrets against his will, and not to interpose an obstacle to the administration of justice by preventing inquiry with respect to facts already made public by the patient himself (cf. *Clifford* v. *Denver & Rio Grande R. R. Co.,* 188 N. Y. 349, 359, *supra*).

Plaintiffs' refusal to permit inspection of the hospital records violates the spirit, if not the letter of the Special Statement of Readiness Rule and, as matters stand, this action is not ready for trial.

We believe that a stay of the trial should have been granted, subject to appropriate conditions with respect to the stipulation of the attorneys for the respective parties to permit the inspection of the records at the Massachusetts hospital and the pretrial examination of the doctors who treated or attended Judith Kriger at such institution; and that in the exceptional circumstances here disclosed the exercise of discretion by the Justice at Trial Term is subject to review (cf. *Zirn* v. *Bradley,* 270 App. Div. 829).

The order should be modified accordingly in the exercise of discretion and, as so modified, affirmed; and the motion should be remitted to the Trial Term for further proceedings not inconsistent herewith.

BÉLDOCK, UGHETTA and CHRIST, JJ., concur with NOLAN, P. J.; KLEINFELD, J., concurs in result.

Order modified in the exercise of discretion by striking out its three decretal paragraphs denying defendants' motion in all respects, and by substituting therefor: (1) a paragraph denying defendants' motion in all respects except insofar as it seeks a stay of the trial of the action; (2) a paragraph granting defendants' motion to the extent of directing such stay on such conditions as may be imposed at Trial Term with respect to the stipulation of the attorneys for the respective parties to permit the examination by defendants' attorneys of the records of the Massachusetts hospital and the pretrial examination of the doctors who treated or attended Judith Kriger at that institution. As so modified, order affirmed, without costs, and motion remitted to the Trial Term for further proceedings not inconsistent with the opinion herein.