John H. AWTRY, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

April 3, 1961.

---

**400**

Donovan, Leisure, Newton & Irvine, Goldsmith, Davidian, Auerbach, Cantwell & Williams, New York City, for plaintiff (William J. Cantwell, New York City, of counsel).

Morton S. Robson, U. S. Atty., for the Southern Dist. of New York, New York City, for defendant (Myron J. Wiess, Franklin G. Lehmeier, Asst. U. S. Attys., New York City, of counsel).

FREDERICK van PELT BRYAN, District Judge.

This is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, to recover damages for alleged malpractice by doctors and employees of the United States Naval Hospital at St. Albans, New York. Plaintiff moves, pursuant to Rule 33, F.R.Civ.P., 28 U.S.C.A., for an order striking certain supplemental interrogatories propounded by the Government on the ground that they inquire into privileged communications between plaintiff and physicians who attended him prior to the time when the malpractice complained of occurred.

The complaint states three separate claims arising out of plaintiff's stay in St. Albans Hospital—(1) for cardiac damage alleged to have resulted from the administration of steroid drugs, (2) for mental anguish alleged to have been caused by entries on the plaintiff's medical records to the effect that he is a hypochondriac and suffers from undue anxiety and a cardiac neurosis, and (3) for urological damage alleged to have resulted mainly from a prostate operation.

The Government denies any malpractice and asserts, in substance, that the treatment rendered to plaintiff at St. Albans Hospital was in accord with sound and accepted medical procedures and that the entries to the effect that plaintiff is a hypochondriac and suffers from cardiac neuroses and anxiety were correct and proper diagnoses.

The supplemental interrogatories to which plaintiff now takes objection ask for the names and addresses of military and non-military physicians consulted by the plaintiff subsequent to his retirement from the United States Army in 1953, the medical symptoms, diagnosis and treatment rendered, and the amount of the bills. They seek the same information with respect to military and non-military hospitals where plaintiff may have been hospitalized. They also seek the names and addresses of psychoanalysts, psychiatrists or psychologists who examined or were consulted by plaintiff, the date and reason of consultation and examination, and the diagnosis or treatment, and recommendations. In addition they seek the names and addresses of physicians who may have recommended that plaintiff undergo psychiatric, psychoanalytic or psychological examination, the dates of such recommendations and whether the recommendations were acted upon.

All of the subject matter covered by these interrogatories is plainly relevant and material to the issues raised in this action. The physical and mental damage which plaintiff claims to have resulted from what was done at St. Albans Hospital may well be affected by his previous medical and psychiatric history, diagnosis and treatment over the years since his retirement in 1953.

Such history is particularly relevant and material in view of the issue as to whether he is in fact a hypochondriac and suffering from undue anxiety and cardiac neuroses, and whether the entries made to that effect were in fact unjustified.

The Government would plainly be entitled to propound interrogatories with respect to all of these matters were it

not for the patient-physician privilege raised by the plaintiff. Such matters as treatment, diagnosis and recommendations would normally be privileged communications within the purview of Section 352 of the New York Civil Practice Act.

Plaintiff claims that New York law governs the scope of the privilege which he asserts, that the privilege is available to him up to the time of trial under Section 352, C.P.A., and that it has not been waived. In support of this position he cites such cases as Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; Connecticut Mutual Life Ins. Co. v. Union Trust Co., 112 U.S. 250, 5 S.Ct. 119, 28 L.Ed. 708; Padovani v. Liggett & Myers Tobacco Co., D.C.E.D.N.Y., 23 F.R.D. 255; Minsker v. John Hancock Mutual Life Ins. Co., 254 N.Y. 333, 173 N.E. 4, 81 A.L.R. 829; Sloan v. New York Central R. R., 45 N.Y. 125; Hammerstein v. Hammerstein, 74 Misc. 567, 134 N.Y.S. 473; and Lorde v. Guardian Life Ins. Co. of America, 252 App.Div. 646, 300 N. Y.S. 721.

The Government, on the other hand, asserts that since this action lies under the Federal Tort Claims Act and is not a diversity case, the law governing the scope of the physician-patient privilege is not that of New York but is federal law. It urges that the federal cases relied on by the plaintiff must be reappraised in the light of Byrd v. Blue Ridge Rural Electric Corp., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed. 2d 953; Monarch Ins. Co. of Ohio v. Spach, 5 Cir., 281 F.2d 401; and Merlin v. Aetna Life Ins. Co. D.C.S.D.N.Y., 180 F.Supp. 90. It takes the position that under federal law the mere bringing of an action which places in issue the physical condition of the plaintiff waives the privilege and plaintiff can no longer invoke it. It also claims that even if the law of New York applies plaintiff has waived the privilege by his own conduct during the pretrial proceedings, relying on such cases as Clifford v. Denver & Rio Grande R.

Co., 188 N.Y. 349, 80 N.E. 1094; Hughes v. Kackas, 3d Dept., 3 App.Div.2d 402, 161 N.Y.S.2d 541, and Strader v. Collins, 1st Dept., 280 App.Div. 582, 116 N.Y.S. 2d 318.

However, it is unnecessary to determine here whether the scope and application of the privilege is governed by state or federal law. The real issue is whether in an action of this nature, brought in this court under the Federal Tort Claims Act, plaintiff will be permitted to continue his action and at the same time successfully assert his privilege so as to prevent defendant from pursuing pretrial discovery remedies material and necessary to the defense.

The nature of this action for malpractice is such that the plaintiff cannot possibly try it without waiving his statutory privilege, if he has not done so already. If the plaintiff goes to trial without waiving his privilege the defendant would undoubtedly have the right to apply for and obtain a suspension of the trial to enable the defendant to go into the subject matter which plaintiff has claimed to be privileged and which is material and necessary in its defense.

Under Rule 5 of the Calendar Rules of this Court the plaintiff at the time of filing the note of issue must at the same time submit a statement by counsel with due proof of service showing, among other things:

"* * * (8) That the parties have taken, or have had reasonable opportunity to take and complete, necessary depositions and other discovery proceedings;

"(9) In personal injury cases, that there has been a physical examination or reasonable opportunity for such examination;

"(10) That the cause is in all respects ready for trial; * * *."

Interrogatories addressed to parties under Rule 33 of the Federal Rules of Civil Procedure may relate to any matter "not privileged" which is relevant to

the subject matter involved in the pending action. See Rule 26(b). But this does not mean that plaintiff can take advantage of the physician-patient privilege to prevent defendant from inquiring in pre-trial proceedings as to relevant and material matters necessary to the defense. If such matters were deferred to the trial the almost inevitable result would be an interruption of the trial when the privilege had been waived by the plaintiff so as to permit the defendant to prepare its defense. In all likelihood a suspension of the trial would be impractical and it would be necessary to declare a mistrial.

Whether the rule as to privilege be governed by state or federal law the plaintiff may not continue his action and at the same time deny to defendant the right to avail itself of the pre-trial procedures necessary to prepare its defense.

In Kriger v. Holland Furnace Co., 2d Dept., 12 A.D.2d 44, 208 N.Y.S.2d 285, at page 290, dealing with a similar situation, the Appellate Division of the Second Department said:

> "Our trial calendars are far too crowded to justify or permit the neglect of other ligitation, so that plaintiffs may engage in the empty ceremony of proceeding to a mistrial to protect temporarily a privilege which will necessarily be waived as soon as the trial is commenced. The privilege afforded by section 352 of the Civil Practice Act does not require such a result. The object of that statute is to prevent the disclosure of a patient's secrets against his will, and not to interpose an obstacle to the administration of justice by preventing inquiry with respect to facts already made public by the patient himself (cf. Clifford v. Denver & Rio Grande R. Co., 188 N.Y. 348, 359, 80 N.E. 1094, 1097, supra).
>
> "Plaintiffs' refusal to permit inspection of the hospital records violates the spirit, if not the letter of the Special Statement of Readiness Rule and, as matters stand, this action is not ready for trial."

The trial of the action was stayed until such time as plaintiff should permit an examination of relevant and material hospital records and pre-trial examination of the doctors who treated her at the institutions to which she was confined.

Such federal cases as Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, and Independent Productions Corp. v. Loew's, Inc., D.C.S.D.N.Y., 22 F.R.D. 266, suggest a similar result. In the latter case, where plaintiff invoked a First Amendment privilege during the course of pre-trial depositions, the court said (at page 276):

> "It would be uneven justice to permit plaintiffs to invoke the powers of this court for the purpose of seeking redress and, at the same time, to permit plaintiffs to fend off questions, the answers to which may constitute a valid defense or materially aid the defense."

The same reasoning applies in the case at bar.

In this case on February 7, 1961 Judge Ryan granted plaintiff a further extension of time until May 2, 1961 to file his note of issue and statement of readiness as required by the Calendar Rules. Judge Ryan's order provided:

> "There will be no further extensions of time and the plaintiff is required to complete all pretrial discovery proceedings on or prior to this date, and in the event of default in placing this suit upon the trial calendar, the Court will enter an order dismissing this suit."

These relevant and material supplemental interrogatories must be completed prior to the final date fixed by Judge Ryan for filing the note of issue and statement of readiness. They cannot be completed unless the plaintiff waives his privilege and answers them to the best

of his ability. He cannot proceed with this action if he chooses to assert his privilege and refuses to answer them. Unless plaintiff answers the supplemental interrogatories in sufficient time to file a note of issue and certificate of readiness pursuant to the Calendar Rules of this Court by May 2, 1961, as required by Judge Ryan's order, his action will be dismissed.

Settle order on notice.