■ WEB TRANSMISSIONS, INC., Respondent, v. JETRO AUTOMATIC TRANSMISSION, INC., et al., Appellants.— In an action for an injunction to restrain defendants from violating the terms of a restrictive covenant contained in a stockholders' agreement, and for incidental damages, defendants appeal: (1) from an order of the Supreme Court, Queens County, dated January 8, 1964, which denied their motion to vacate plaintiff's statement of readiness and to strike the cause from the calendar; and (2) from an order of said court, dated January 7, 1964, which granted plaintiff's motion to vacate defendants' demand for a bill of particulars. Order of January 7, 1964 reversed, without costs, and plaintiff's motion to vacate the defendants' demand for a bill of particulars denied. Order of January 8, 1964, affirmed, without costs on condition that, within 15 days after entry of the order hereon, plaintiff shall serve its bill of particulars as demanded. It appears that on October 9, 1963, at the conclusion of a pretrial examination of the plaintiff and two weeks before the minutes of that day's examination were transcribed and delivered to defendants, plaintiff filed a statement of readiness and a note of issue, stating merely that all preliminary proceedings had been completed by all parties. At that time defendants had not yet demanded a bill of particulars nor had they availed themselves of the disclosure devices permitted by the Civil Practice Law and Rules. On October 29, 1963, within the 20-day period prescribed in the Statement of Readiness Rule, defendants moved to strike the action from the calendar and to vacate the statement of readiness. On November 11, 1963, defendants made a demand for a bill of particulars. Both motions were denied, resulting in the orders appealed from. While defendants unreasonably delayed their demand for a bill of particulars (which could have been made 10 months earlier, when issue was joined), we are nevertheless of the opinion that plaintiff's filing of a note of issue and a statement of readiness on the day the examination was concluded and before the minutes had been transcribed, erroneously stating that all preliminary proceedings had been completed by all parties, was premature. " A party's right to conduct preliminary proceedings cannot be foreclosed by erroneous recitals in the statement of readiness filed by another party" (*Hackett* v. *Tomosetti*, 6 A D 2d 814). Under the circumstances, and in view of the defendants' timely motion directed to the readiness statement, we are of the opinion that the action should remain on the calendar so as not to further delay the trial, on condition that plaintiff shall serve its bill of particulars within 15 days after entry of the order hereon. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.