**Edith Gifun Mellins GOLDENBERG, Plaintiff,**

v.

**Herbert S. WOLFE, Individually and d/b/a Rosenthal, Wolfe & Clayman, Defendant.**

**Civ. No. 12046.**

United States District Court D. Connecticut.

Feb. 16, 1968.

Burton M. Weinstein, of Saltman, Weiss, Weinstein & Elson, Bridgeport, Conn., for plaintiff.

Dion W. Moore and Henry J. Lyons, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant, having moved pursuant to Rule 34, Fed.R.Civ.P., for production by plaintiff of all letters, reports and papers relating to plaintiff's psychiatric examination by Dr. Robert Doherty pending plaintiff's commitment to the Norwich State Hospital, and of all letters, reports and papers relating to plaintiff's mental condition made out by St. Francis Hospital or the Norwich State Hospital

while plaintiff was a patient in either or both institutions; and

The Court having heard argument of counsel, and having received and considered the motion, briefs, affidavits, exhibits, pleadings and all papers on file; and

The Court being of the opinion that said motion should be granted for the reasons that

(1) Plaintiff has brought this diversity action for legal malpractice against her former lawyer claiming negligence and breach of contract. The alleged malpractice is claimed to have occurred in the period from January, 1963 through October, 1966, during which time defendant represented plaintiff as her attorney in the Superior Court for Hartford County in litigation involving problems of visitation and custody of plaintiff's children and related matters. Plaintiff's mental condition was directly involved and at issue in that litigation; it is, therefore, to the extent that it was there involved, and at issue, one of the factors which must be considered in determining whether defendant, in representing plaintiff, exercised the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated.

(2) Although the material sought pertains directly to plaintiff's mental condition in 1959 and 1960, defendant has made a sufficient showing for the purposes of Rule 34, Fed.R.Civ.P., that such material is relevant to plaintiff's mental condition as it was at issue in the period from January, 1963 to October, 1966.

(3) The material sought is not privileged. Conn.Gen.Stat. § 52–146a, defining privileged communications between psychiatrist and patient, provides that "[t]here shall be no privilege for any relevant communications under this section: . . . (c) in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense, or, *after the patient's death*, when such condition is introduced by any party claiming or defending through or as a beneficiary of the patient, and the judge finds that it is more important to the interests of justice that the *communication be disclosed* than that the relationship between the patient and psychiatrist be protected." Plaintiff has chosen to institute this action and cannot preclude defendant from preparing a proper defense. See Awtry v. United States, 27 F.R.D. 399 (S.D. N.Y.1961); it is therefore

ORDERED that plaintiff produce for inspection and copying all letters, reports and papers relating to plaintiff's psychiatric examination by Dr. Robert Doherty pending plaintiff's commitment to the Norwich State Hospital, and all letters, reports and papers relating to plaintiff's mental condition made out by St. Francis Hospital or the Norwich State Hospital while plaintiff was a patient in either or both institutions.