■ TRAVELERS INSURANCE COMPANY et al., Respondents, v NEW YORK YANKEES, Appellant, et al., Defendants. — In an action to declare who must defend and pay any liability incurred by plaintiffs in an underlying negligence action brought by a former employee of the New York Yankees, defendant New York Yankees appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated December 27, 1983, as directed that the action be placed on the appropriate Trial Calendar for March 20, 1984. ¶ Order affirmed, insofar as appealed from, with costs. ¶ Under the

facts of this case, it was not an abuse of discretion to grant permission to place the action on the calendar on a date certain subsequent to court-ordered discovery which the court directed be completed within 60 days from the date of the order. ¶ If discovery was not timely completed, defaults should have been noted, and appropriate relief pursued, a procedure obviously contemplated by Trial Term by providing a hiatus between the date of the scheduled completion of discovery and the date the action was to be placed on the calendar. ¶ It is undisputed that courts have an inherent power to control their calendar (*People v Douglass,* 60 NY2d 194, 197; *Plachte v Bancroft Inc.,* 3 AD2d 437; *Kriger v Holland Furnace Co.,* 12 AD2d 44; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3401.03). ¶ Under the facts of this case, the procedure fashioned by Trial Term was most appropriate. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.