■ In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent, v ASSESSOR OF THE TOWN OF BROOKHAVEN et al., Appellants, and SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT, Intervenor-Appellant.—In consolidated proceedings pursuant to Real Property Tax Law article 7 to review certain tax assessments by the Town of Brookhaven, the appeals, as limited by the respondents-appellants' briefs and notices of appeal, are from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), entered March 19, 1985, as denied those branches of the respondents-appellants' motions which were to vacate the notes of issue and certificates of readiness and to strike the proceedings from the Trial Calendar.

Order affirmed insofar as appealed from, without costs or disbursements.

It is clear from the record that the certificates of readiness, which stated that there were no outstanding discovery requests, did not contain any material misstatements requiring

the court to vacate the notes of issue filed, since certain interrogatories were not submitted by the respondents-appellants until after the notes of issue were filed. In any event, the court ordered the petitioner-respondent to serve its answer to the interrogatories within 45 days of the issuance of that order (see, Kinney v Kinney, 81 AD2d 942; Web Transmissions v Jetro Automatic Transmission, 20 AD2d 902).

Nor did the court abuse its discretion in refusing to strike these proceedings from the Trial Calendar based upon the respondents-appellants' allegation that discovery proceedings had not yet been completed. Portions of these consolidating proceedings have been pending for over nine years, thus providing the respondents-appellants with an ample opportunity to conduct discovery proceedings. In addition, the court ordered that all discovery be completed by a day certain (see, Travelers Ins. Co. v New York Yankees, 102 AD2d 851; Kra v Freeman, 55 AD2d 928; Mac Asphalt Contr. Co. v CMI Corp., 46 AD2d 888; 68 Fifth Ave. Rest. v 59 Fifth Rest. Corp., 37 AD2d 780). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.