■ ANN CORNELIUS et al., Respondents, v FRIENDS OF CROWN HEIGHTS DAY CARE CENTER No. 2, INC., Appellant. [667 NYS2d 314] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.) dated February 10, 1997, which denied its motion, *inter alia*, to strike the plaintiffs' note of issue.

Ordered that the order is affirmed, with costs.

In July 1995 the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the defendant and set the matter down for an inquest on damages. Pursuant to the court's order, the plaintiffs filed a note of issue in

August 1995. In February 1996 the court granted the defendant's motion to vacate its default. The defendant did not request vacatur of the note of issue, however, nor did the court grant such relief on its own motion. In January 1997 the court directed the parties to complete all depositions before January 31, 1997, and any physical examination of the infant Foster Cornelius before February 7, 1997. The trial was set for February 10, 1997. On February 6, 1997, the defendant moved, for the first time, to strike the note of issue, based in part on its claim that discovery had not been completed. The Supreme Court denied the motion but directed the plaintiffs to provide the written authorizations for medical, school, and employment records sought by the defendant.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion. The defendant failed to request vacatur of the note of issue in 1995 when it moved to vacate the default judgment, and has had a reasonable time to conduct discovery proceedings. Moreover, the court directed the plaintiffs to provide the remaining discovery items prior to trial (*see, e.g., Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven*, 122 AD2d 794). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.