■ Martin Zeitlin et al., Appellants, v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin, P.A., et al., Respondents. [690 NYS2d 750] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated April 13, 1998, and (2) so much of an order of the same court, dated April 14, 1998, as denied their motion to extend the time to file a note of issue and to compel further discovery.

Ordered that the appeal from the order dated April 13, 1998, is dismissed, as it did not decide a motion made upon notice and is therefore not appealable as of right (*see,* CPLR 5701; *Cohalan v Johnson Elec. Constr. Corp.,* 105 AD2d 770), and leave to appeal has not been granted; and it is further,

Ordered that the order dated April 14, 1998 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that courts have an inherent power to control the calendar (*see, Travelers Ins. Co. v New York Yankees,* 102 AD2d 851). Under the facts of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to extend their time to file a note of issue, since the action had been pending for over 6½ years, during which the plaintiffs had ample opportunity to complete discovery (*see, Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven,* 122 AD2d 794; *Travelers Ins. Co. v. New York Yankees, supra*).

The Supreme Court also correctly denied that branch of the plaintiffs' motion which was to compel discovery, since the plaintiffs failed to include copies of the discovery requests in their motion papers (*see, e.g., American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.