**ARK76 Doe v Diocese of Brooklyn**

2026 NY Slip Op 30632(U)

February 18, 2026

Supreme Court, Kings County

Docket Number: Index No. 517905/2019

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT:   <u>HON. SABRINA B. KRAUS</u>

*Justice*

-----------------------------------------------------------------------X

ARK76 DOE,

                                        Plaintiff,

DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC
DIOCESE OF BROOKLYN, NEW YORK; ST. VINCENT'S
SERVICES, INC. a/k/a and d/b/a HEARTSHARE ST.
VINCENT'S SERVICES f/k/a ST. VINCENT'S HOME FOR
BOYS f/k/a ST. VINCENT'S HALL, INC.; CATHOLIC
CHARITIES DIOCESE OF BROOKLYN a/k/a and d/b/a
CATHOLIC CHARITIES, DIOCESE OF BROOKLYN a/k/a
CATHOLIC CHARITIES BROOKLYN AND QUEENS; and
DOES 1-5 whose identities are unknown to Plaintiff ,

                                        Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | CVA – 1 |
| INDEX NO. | 517905/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002)  45 – 60; 65, 69-71, 75

were read on this motion to/for                    <u>      DISMISSAL      </u>   .


The following e-filed documents, listed by NYSCEF document number (Motion 003) 61 – 64; 66-67; 72-74; 76-78

were read on this motion to/for                    <u>      DISMISSAL      </u>   .


## BACKGROUND & PROCEDURAL HISTORY

Plaintiff commenced this action pursuant to the Child Victims Act (CVA) seeking damages

for alleged sexual abuse from 1975 to 1983, by various counselors, while he was a resident at St

Vincent's Services Inc.

In a follow up compliance conference stipulation and order dated June 17, 2025, Plaintiff was ordered to appear for a deposition on September 30, 2025. Plaintiff's counsel sought Defendants' consent for the deposition to proceed virtually, but Defendants did not consent. Plaintiff alleges he does not possess a RealID or passport and, as a resident of Arkansas, alleged he was unable to fly to New York.

Plaintiff's counsel sought the Court's guidance and was instructed that absent consent or a documented medical reason why Plaintiff cannot appear in person, the Court would not order a virtual deposition.

On September 29, 2025, Plaintiff's counsel informed defense counsel that Plaintiff would not be appearing on September 30, 2025, as his fiancé was having surgery, and he is her caregiver.

The parties contacted the Court, and Defendants were given leave to move for appropriate relief.

## PENDING MOTIONS

On or about October 10, 2025, both St Vincent's and the Diocese of Brooklyn moved to dismiss the action pursuant to o CPLR §3126 and CPLR §3124, for the Plaintiff's failure to appear for his court ordered deposition. Defendants seek an order precluding the Plaintiff from introducing any evidence in support of his claims at the trial of this action; or alternatively issuing a conditional order dismissing the Plaintiff's complaint if he fails to appear in person for a deposition by a date certain.

On October 9, 2025, the Court issued an order giving yet another opportunity to appear for an in-person deposition on December 8, 2025. The Court adjourned the motions for compliance with the Court's order.

Plaintiff again failed to appear on December 8, 2025, for the deposition. Notably, Plaintiff provides no explanation why he failed to appear for his deposition a second time.

The motions were fully briefed by December 17, 2025, marked submitted and the Court reserved decision.

It is well settled that "[d]epositions of parties to an action are generally held in the county where the action is pending," unless a party demonstrates that conducting their deposition in the that county would cause undue hardship. *Lanaras v. Premium Ocean, LLC*, 85 Misc. 3d 1246(A) (N.Y. Sup. Ct. 2025) citing *Weinstein v. Gindi*, 92 AD3d 526, 527 [1st Dept 2012].

> It is a "court's prerogative to control its calendar and expeditiously dispose of the volume of cases before it" (*People v. Alston,* 191 A.D.2d 176, 177, 594 N.Y.S.2d 37 [1993]; *see also Kriger v. Holland Furnace Co.,* 12 A.D.2d 44, 46, 208 N.Y.S.2d 285 [1960] ). Appellate courts have recognized that, under the Individual Assignment System, substantial deference should be accorded to the trial court's considerable discretion to compel compliance with discovery orders, and, absent clear abuse, a penalty imposed in accordance with CPLR 3126 should not readily be disturbed (*see Sawh v. Bridges,* 120 A.D.2d 74, 79, 507 N.Y.S.2d 632 [1986], *appeal dismissed* 69 N.Y.2d 852, 514 N.Y.S.2d 719, 507 N.E.2d 312 [1987] ). The public policy favoring resolution of cases on their merits is not promoted by permitting a party to a single such matter to impose an undue burden on judicial resources to the detriment of all other litigants. Nor is the efficient disposition of the business before the courts advanced by undermining the authority of the trial court to supervise the parties who appear before it (*cf. id.* at 80, 507 N.Y.S.2d 632).

*Arts4All, Ltd. v. Hancock*, 54 A.D.3d 286, 286–87 (2008), aff'd, 12 N.Y.3d 846, (2009), and aff'd, 13 N.Y.3d 812 (2009).

CPLR § 3126, entitled "Penalties for refusal to comply with order or to disclose" provides:

> If any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them:

517905/2019 ARK76 DOE V DIOCESE OF BROOKLYN, ET AL
MOTION NO.002 & 003

Page 3 of 6

1. An order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; or

2. An order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing the evidence designated things or items or testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined, or from using certain witnesses; or

3. An order striking out pleadings or parts thereof, … or rendering a Judgment by default against the disobedient party.

"If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v. Pfeffer*, 94 N.Y.2d 118, 123, 700 N.Y.S.2d 87, 722 N.E.2d 55 [1999]). Although actions should be resolved on the merits whenever possible, the efficient disposition of cases is not advanced by hindering the ability of the trial court to supervise the parties who appear before it and to ensure they comply with the court's directives (*see Arts4All, Ltd. v. Hancock*, 54 A.D.3d 286, 287, 863 N.Y.S.2d 193 [2008], *affd.* 12 N.Y.3d 846, 881 N.Y.S.2d 390, 909 N.E.2d 83 [2009], *cert. denied* —— U.S. ——, 130 S.Ct. 1301, 175 L.Ed.2d 1076 [2010] ). Thus, a penalty imposed pursuant to CPLR 3126 should not be readily disturbed absent a clear abuse of discretion (*id.* at 286, 863 N.Y.S.2d 193; *see Sawh v. Bridges*, 120 A.D.2d 74, 79, 507 N.Y.S.2d 632 [1986], *appeal dismissed* 69 N.Y.2d 852, 514 N.Y.S.2d 719, 507 N.E.2d 312 [1987] ).

*Fish & Richardson, P.C. v. Schindler*, 75 A.D.3d 219, 220 (1st Dept., 2010)

Notwithstanding the fact that it is within the discretion of the trial court to determine the appropriate penalty under CPLR §3126 to be imposed, a sanction under CPLR §3126(3) requires a conclusive showing that the noncomplying party's conduct was willful, contumacious or due to bad faith. *Lowitt v. Burton I. Korelitz, M.D., P.C.*, 152 A.D.2d 506, 508 (1st Dept., 1989). The burden then shifts to the nonmoving party to demonstrate a reasonable excuse. *Reidel v. Ryder TRS, Inc.*, 13 A.D.3d 170, 171 (1st Dept., 2004).

"Willful and contumacious conduct can be inferred from repeated noncompliance with court orders directing depositions, coupled with either no excuses or inadequate excuses." *Castrignano v. Flynn*, 255 A.D.2d 352, 353 (2nd Dept 1998) *see also Bruno v. Flip Cab Corp.*,

144 A.D.3d 852, 854 (2nd Dept 2016)(*failure to appear for depositions in violation of two court orders coupled with lack of reasonable excuse supports an inference that conduct was willful and contumacious*); *Carbajal v. Bobo Robo, Inc.*, 38 A.D.3d 820, 821–22 (2nd Dept 2007)(*failure to appear for three court-ordered depositions, all entered upon his counsel's consent, coupled with lack of reasonable excuse supports finding that conduct was willful and contumacious*).

Compliance with disclosure obligations is required under the CPLR. The failure of a party to appear for a deposition as noticed, particularly after multiple opportunities and/or court intervention, constitutes willful and contumacious conduct warranting sanctions, including dismissal, where appropriate.

Here, Plaintiff has failed to appear for two duly noticed deposition(s), has failed to provide a reasonable excuse for such failure, and has failed to demonstrate a willingness to comply with discovery obligations. Accordingly, the Court finds Plaintiff's non-compliance to be willful and contumacious.

Defendant having established that plaintiff has willfully and contumaciously failed to provide discovery as directed in Plaintiff has failed and refused, despite specific directives in said orders, and without good cause, to appear for deposition on the dates directed therein, it is hereby

ORDERED that the motion of defendants to strike the Plaintiff's pleading and dismiss this case is granted; and it is further

ORDERED that the complaint is stricken and the action is dismissed; and it is further

ORDERED that the Clerk is directed to enter judgment of dismissal in favor of defendants, with costs and disbursements to defendant as taxed by the Clerk;

ORDERED that, within 20 days from entry of this order, Defendant Diocese of Brooklyn shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **2/18/26** | | |
| **DATE** | | **HON SABRINA KRAUS** |

CHECK ONE:
- [x] CASE DISPOSED
- [ ] NON-FINAL DISPOSITION
- [x] GRANTED
- [ ] DENIED
- [ ] GRANTED IN PART
- [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE